___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Title: In re Aguina Aguina | Date: November 18, 2019 |
| Case No. 5:18-cv-02248 JLS | |
| 5:18-bk-17472-WJ | |

Present: **HONORABLE JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Terry Guerrero | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (In Chambers) **ORDER AFFIRMING BANKRUPTCY COURT**

**ORDER DENYING MOTION TO DISMISS APPEAL AS FRIVOLOUS (DOC. 12)**

This is a bankruptcy appeal. Debtor/Appellant Aguina Aguina ("Debtor") appeals the Bankruptcy Court's denial of a Motion to Reconsider the Bankruptcy Court's Order Granting Application to Employ Realtors to market certain real property of the bankruptcy estate (the "Lots").

As set forth below, the Court AFFIRMS the Bankruptcy Court's October 9, 2018 Order Denying Motion to Reconsider. (BK Doc. 125.)

Also as set forth below, the Court DENIES the Trustee/Appellee's Motion to Dismiss the Appeal as Frivolous. (Doc. 12.)

I. **BACKGROUND**

Debtor filed a Chapter 11 proceeding on September 5, 2017, and the Bankruptcy Court converted it to a Chapter 7 proceeding on January 19, 2018. (BK Docs. 1 & 42.) Shortly thereafter, the Bankruptcy Court appointed Karl T. Anderson to serve as the Trustee ("Trustee"). (BK Doc. 45.)

___

_____
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Title:  In re Aguina Aguina                                               Date:  November 18, 2019
Case No. 5:18-cv-02248 JLS
         5:18-bk-17472-WJ

On July 10, 2018, the Trustee filed an Application to Employ Richard A. Halderman and Karen Lenahan as Realtors ("Application to Employ Realtors" or "the Application").  (BK Doc. 95.)  On July 27, 2018, Debtor opposed the Application.  (BK Doc. 101.)  Generally, Debtor opposed the employment of the Realtors because he believed that the Lots would be marketed at a less-than-market-value price, that the Realtors lacked knowledge regarding the market where the Real Property was located, and that the commission they would charge, 10%, was above the percentage Debtor was able to negotiate in other real estate deals.  (*See generally id.*)

The Trustee's Reply included the Declaration of Richard A. Halderman ("Halderman"), who stated, in answer to Debtor's contention that the Real Property was being marketed at less than market value:

> The Debtor's valuation of the Lots appears to be based on fully developed and ready to build lots with all utilities available (including water by water line or a well) and adequate access to the property.  The subject Lots; however, do not have water access, do not have roads leading to the Lots, and do not have property corners marked.

(BK Doc. 105 at 11, Halderman Decl. ¶ 3.)  On August 24 and 27, 2018, Debtor filed a Request for Judicial Notice (with attached exhibits) (BK Doc. 106) and additional briefing (BK Doc. 107).  At the hearing on the matter, the Bankruptcy Court heard from Debtor regarding his contention that the condition of the Lots was being misrepresented.  (BK Doc. 145, 08/28/19 Tr. at 3-13.)  Nevertheless, the Bankruptcy Court granted the Application.  (*Id.* at 13.)  The Bankruptcy Court explained his ruling on the record, expressly finding that the Realtors met the requirements of 11 U.S.C. § 327(a),[1] approving the Realtors' commission rate of 10%, and explaining that Debtor's concern over market value could be addressed in an objection to a motion a sell the property once

---

[1] Section 327(a) requires that professionals hired by a trustee in bankruptcy must not have an interest in the estate. Specifically, it provides that "the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title. 11 U.S.C. § 327(a).

_____
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Title:  In re Aguina Aguina                                              Date:  November 18, 2019
Case No. 5:18-cv-02248 JLS
         5:18-bk-17472-WJ

a buyer had been found.  (*Id.* at 13-14.)  On August 31, 2019, the Bankruptcy Court issued its written Order Granting Application to Employ Realtors.  (BK Doc. 110 ("Employment Order").)

Debtor did not file an appeal of the Employment Order; instead, Debtor filed a Motion to Reconsider.  (BK Doc. 116.)  Therein, Debtor argued that the Bankruptcy Court should have considered the documents attached to his August 24, 2019 Request for Judicial Notice (BK Doc. 106) and his additional briefing (BK Doc. 107).  These documents were offered in support of Debtor's argument that Trustee's counsel and the Realtors misrepresented the condition of the Lots.

The Bankruptcy Court held a hearing on the Motion to Reconsider on October 9, 2018.  (*See* BK Doc. 146, 10/09/18 Transcript.)  Therein, while attempting to prove the Realtor made the alleged misrepresentations, Debtor himself admitted that "each lot has a graded dirt driveway down to each pad," and also implicitly admitted that the Lots did not have water access.  (*Id.* at 13 & 17-19.)  At the hearing, the Bankruptcy Court denied the Motion to Reconsider "for the reasons outlined by the Trustee in the opposition brief and at oral argument."  (*Id.* at 27.)  A written ruling followed. (BK Doc. 125 ("Order Denying Motion to Reconsider").)

Ten days later, Debtor filed the present appeal.

II.     **STANDARD OF REVIEW**

The Court reviews findings of fact for clear error and legal conclusions de novo.  *In re Olshan*, 356 F.3d 1078, 1083 (9th Cir. 2004).  A court's factual finding is clearly erroneous if it is illogical, implausible, or without support in the record.   *United States v. Hinkson*, 585 F.3d 1247, 1262 & n.21 (9th Cir. 2009) (en banc).  "De novo means review is independent, with no deference given to the trial court's conclusion."  *In re Curtis*, 571 B.R. 441, 444 (B.A.P. 9th Cir. 2017).

A denial of a motion for reconsideration is reviewed for an abuse of discretion.  *Hansen v. Moore* (*In re Hansen*), 368 B.R. 868, 875 (9th Cir. BAP 2007).  "A bankruptcy

___
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Title: In re Aguina Aguina                                 Date: November 18, 2019
Case No. 5:18-cv-02248 JLS
          5:18-bk-17472-WJ

court necessarily abuses its discretion if it bases its decision on an erroneous view of the law or clearly erroneous factual findings." *In re Hansen*, 368 B.R. at 875 (citing *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990)).  In determining whether the bankruptcy court abused its discretion, we first "determine de novo whether the [bankruptcy] court identified the correct legal rule to apply to the relief requested." *Hinkson*, 585 F.3d at 1262.  If the bankruptcy court identified the correct legal rule, the court next determines whether the "application of the correct legal standard [to the facts] was (1) illogical, (2) implausible, or (3) without support in inferences that may be drawn from the facts in the record." *Id.* (internal quotation marks and citation omitted).  To reverse for abuse of discretion, the reviewing court must have a "definite and firm conviction that the bankruptcy court committed a clear error of judgment in the conclusion it reached." *In re Bessler*, No. AP 15-05014-BTB, 2016 WL 6441235, at *4 (B.A.P. 9th Cir. Nov. 1, 2016) (citation omitted).

### III. DISCUSSION

Thus, the sole issue before the Court in this appeal is a narrow one:  Did the Bankruptcy Court abuse its discretion in denying Debtor's Motion to Reconsider the Employment Order?  As discussed below, because the Court finds no abuse of discretion, the Court affirms the Order Denying Motion to Reconsider.

As noted earlier, the Employment Order itself was not appealed.  A review of the record reveals that the Bankruptcy Court considered the appropriate standard in appointing the Realtors, appointing them only after finding they have no "interest adverse to the estate" and they are "disinterested persons" as required by statute.  (08/28/18 Tr. at 13 (making findings pursuant to 11 U.S.C. § 327(a).)  Nothing in the record suggests that the Realtors have any type of conflict of interest that would preclude their employment by the Trustee to assist the Trustee in carrying out his duties.  In addition to its other defects, nothing presented in Debtor's Motion to Reconsider undermines this fundamental conclusion of the Bankruptcy Court.

A bankruptcy court may in certain instances alter or amend its own orders.  Specifically, subject to exceptions not implicated here, Federal Rule of Bankruptcy

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Title: In re Aguina AguinaDate: November 18, 2019
Case No. 5:18-cv-02248 JLS
5:18-bk-17472-WJ

Procedure 9024 provides that relief from an order of the bankruptcy court is in most instances (including this one) governed by Federal Rule of Civil Procedure 60.[2] In relevant part, Rule 60(b) permits relief from an order due to "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered [earlier]; [and] (3) fraud[,]misrepresentation, or misconduct by an opposing party."

The Bankruptcy Court recognized that Rule 60(b) governs here. Although the Bankruptcy Court issued no written ruling, it relied on arguments made by counsel at the hearing and in her Opposition brief. (*See* 10/09/18 Tr. at 23-27.) Counsel correctly identified Rule 60(b) as the governing standard. (*Id.*; *see generally* BK. Doc. 121, Opposition to Motion to Reconsider.) Thus, the Court concludes that the Bankruptcy Court identified the correct legal rule.

Therefore, the Court considers if "application of [this] correct legal standard [to the facts] was (1) illogical, (2) implausible, or (3) without support in inferences that may be drawn from the facts in the record." *Hinkson*, 585 F.3d at 1262 (internal quotation marks and citation omitted). As explained below, the Court concludes that the Bankruptcy Court's application of the Rule 60(b) standard was not illogical, was not implausible, and was supported by inferences that could be reasonably drawn from facts in the record.

Related to Rule 60(b)(1), Debtor argued that he did not receive sufficient time to respond to the Trustee's Reply in support of the motion to appoint the Realtors. (Mot. to Reconsider at 3.) Debtor filed documents, including his Response to Trustee's Reply and a related Request for Judicial Notice. (*See* BK Docs. 106-107 (collectively, "Response").) Generally, Debtor asked the Bankruptcy Court to consider the Response before ruling on the application to appoint the Realtors. (Mot. to Reconsider at 3.) The Response sought

---

[2] In his Motion to Reconsider, Debtor erroneously cited to the California Code of Civil Procedure § 1008, the California state-court standard for an application to reconsider an order. Debtor also cites to an inherent authority of the Bankruptcy Court to reconsider its own interlocutory rulings. Thus, Debtor's filings are imprecise regarding the authority upon which he relies as to each argument. The role of the Rule 60(b) framework in the Court's discussion of Debtor's arguments is not dispositive. Under any standard for reconsideration, the Court would not find an abuse of discretion.

_____
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Title: In re Aguina Aguina　　　　　　　　　　　　　　　　　　Date: November 18, 2019
Case No. 5:18-cv-02248 JLS
　　　　　5:18-bk-17472-WJ

employment of Debtor's preferred real estate broker and criticized Trustee's selection of the Realtors for a number of reasons. (*See* BK Doc. 107, Debtor Resp. to Trustee's Reply at 10-11.)

　　　　It is unclear from the record whether the Bankruptcy Court considered the Response. However, even if it did not, this is not a basis for finding an abuse of discretion. Importantly, Debtor was not entitled to file any response to a reply brief under the Bankruptcy Court Local Rules. (*See* Cent. Dist. LBR 9013-1 (providing for the filing of a motion, for opposition or response brief(s), and for a reply brief).) Moreover, the content of the Response was irrelevant to the question before the Bankruptcy Court regarding whether appointment of the Realtors was appropriate under § 327(a). In any event, Debtor was given an adequate opportunity to address the matter at the hearing on the Application to Employ Realtors. (*See generally* 08/28/18 Tr. at 3-13.)

　　　　Related to Rule 60(b)(2), Debtor argued that newly discovered evidence supported reconsideration. (Mot. to Reconsider at 5-6 & 8-9.) It did not. Debtor offered four exhibits in support of his argument. (*See id.* at Exs. A-D.) Exhibits A and D were not new at all: On their face, these exhibits bear dates preceding the Motion for Reconsideration by approximately six months. (*See id.* Ex. A (02/22/18) & Ex. D (03/08/18).) Exhibit B is letter from Debtor to the California Court of Appeal regarding a related case that provides an update on the underlying bankruptcy case. Debtor's summary of the status of the bankruptcy case neither constitutes nor reflects the type of "new evidence" that can support a motion for reconsideration.

　　　　Only Exhibit C, which is dated August 21, 2018, may not have been available at the time Debtor filed his opposition to the application to appoint the Realtors. However, Exhibit C is irrelevant to the issue decided by the Bankruptcy Court. Exhibit C is a court order in a related case pending before the California Superior Court for the County of Riverside, which orders the parties thereto (including Debtor) to comply with a previous court order and promptly advise the court of the status of the bankruptcy case.

　　　　Finally, related to 60(b)(3), Debtor argues that Realtor Halderman made misrepresentations regarding the Lots themselves. (Mot. to Reconsider at 6-7.)

_____
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Title:  In re Aguina Aguina                                    Date:  November 18, 2019
Case No. 5:18-cv-02248 JLS
         5:18-bk-17472-WJ

However, at the October 9, 2018 hearing, while discussing the alleged misrepresentations, Debtor himself made factual representations regarding the Lots that undermined his own arguments regarding Realtor Halderman's alleged misrepresentations. (*See* 10/09/18 Tr. at 3 & 17-19.)  In any event, that the Realtor(s) and the Debtor disagreed as to some finer points regarding the condition of the Lots was irrelevant to the employment of the Realtors.  As the Bankruptcy Court pointed out at the hearing on the Application to Employ Realtors, any sale of the Lots would itself be subject to a sale motion, and this requirement would provide Debtor with the opportunity to address those finer points of disagreement in more detail.  (*See* 08/28/18 Tr. at 13-14 & 18-19.)

In sum, no reconsideration of the Employment Order was warranted.  The Bankruptcy Court did not abuse its discretion and instead properly rejected Debtor's arguments as failing to meet that relevant standard.  Accordingly, the Court AFFIRMS the Bankruptcy Court's October 9, 2018 Order Denying Motion to Reconsider.

## IV.  MOTION TO DISMISS APPEAL AS FRIVOLOUS

The Trustee moved to dismiss the appeal as frivolous.  (Doc. 12.)  Federal Rule of Bankruptcy Procedure ("Rule") 8020(a) provides that a district court "may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee" if the court "determines that an appeal is frivolous."  "An appeal is frivolous if the results are obvious, or the arguments of error are wholly without merit."  *In re Benham*, 220 F. Supp. 3d 1033, 1043 (C.D. Cal. 2016) (internal alteration marks, quotation marks, and citations omitted) (collecting cases), *aff'd on other grounds*, 735 F. App'x 332 (9th Cir. 2018).

The present appeal is unmeritorious, but not frivolous.  The factual contentions underlying Debtor's arguments regarding the condition of the Lots have not been fully resolved.  Although there is no reason in the record to doubt the veracity and good faith of Realtor Halderman, Debtor's continued challenge to his representations is not frivolous.

_____
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Title: In re Aguina Aguina                                       Date: November 18, 2019
Case No. 5:18-cv-02248 JLS
         5:18-bk-17472-WJ

The Court DENIES the Motion to Dismiss.

**V.    CONCLUSION**

As set forth herein, the Court AFFIRMS the Bankruptcy Court's October 9, 2018 Order Denying Motion to Reconsider.  (BK Doc. 125.)  The Court DENIES the Motion to Dismiss.  (Doc. 12.)

**IT IS SO ORDERED.**

                                                                           Initials of Preparer:  tg

**CC: Bankruptcy Court**